**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

GEORGE CARVLIN,

    Petitioner,

        v.

UNITED STATES OF AMERICA,

    Respondent.

NO. 3:09-CR-00036

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is Petitioner George Carvlin's Motion to Correct, Set Aside and/or Vacate his sentence pursuant to 28 U.S.C. § 2255(f)(3) (Doc. 46). Carvlin, proceeding *pro se*, argues that he received ineffective assistance of counsel, which led him to accept a plea agreement he would not have otherwise accepted and lose his chance to appeal his sentence. However, because the rights the Supreme Court newly recognized in the cases Carvlin relies upon are not the rights he actually asserts, and because equitable tolling is not warranted, Carvlin's Motion is time-barred and will be dismissed with prejudice. A certificate of appealability will not issue.

## I. Background

Pursuant to a plea agreement, (Doc. 26), Carvlin pled guilty on August 30, 2010 to violations of 18 U.S.C. §§ 2422(b) (Count One of the indictment) and 2522(a)(1) (Count Three). (Doc. 44). Carvlin was sentenced to 120 months' imprisonment as to his § 2422(b) violation, and 60 months' imprisonment as to his § 2522(a)(1) violation, to run consecutively for a total of 180 months. (*Id.* at 2). The judgment was returned executed as to Carvlin on September 27, 2010. (Doc. 45). Carvlin did not appeal, although he allegedly requested his counsel file an appeal. (Doc. 46 at 24).

Carvlin filed the instant Motion on June 21, 2018 challenging his conviction and sentence. (*Id.* at 27); *see Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."). In his Motion, Carvlin argues that he received ineffective

assistance of counsel because his counsel failed to: (1) inform him of the "true nature" of the charges against him; (2) inform him that the prosecution would need to prove beyond a reasonable doubt the charges in the indictment; (3) inform him that Counts One and Two of the indictment were in fact one crime, which violated the Double Jeopardy Clause (although Count Two was dropped per the plea agreement); (4) investigate his case and any possible defenses; (5) object to the presentence investigation report; and (6) file a requested direct appeal. (*See generally* Doc. 46). Carvlin relies on two recent Supreme Court decisions, *Class v. United States*, 138 S. Ct. 798 (2018) and *Lee v. United States*, 137 S. Ct. 1958 (2017), both decided within one year of the filing of his Motion, to support his arguments and to avoid the one-year statute of limitations normally applicable under 28 U.S.C. § 2255(f).

## II. Discussion

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

Section 2255(b) generally entitles a petitioner to a hearing on his motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."). In considering a Section 2255 motion, the "district court must accept the

2

truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Johnson v. United States*, 294 F. App'x 709, 710 (3d Cir. 2008) (internal quotation omitted). The district court may, however, dispose of "vague and conclusory allegations" contained in a Section 2255 petition without further investigation. *Id.* at 710 (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). Subsection (f) states in relevant part that the "limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. §§ 2255(f)(1) and (3). The limitations period may be equitably tolled, however, if a prisoner can demonstrate he pursued his rights with reasonable diligence and "'that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted). Carvlin does not raise the tolling issue, but I will consider it anyway as I must liberally construe his *pro se* Motion. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).

First, equitable tolling is not warranted here. It is true that if Carvlin told his counsel to appeal his sentence back in 2010 and that his counsel failed to do so, his counsel was likely ineffective. *See Peguero v. United States*, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit."); *Solis v. United States*, 252 F.3d 289, 295 (3d Cir. 2001). However, the limitation period set out in Section 2255(f) still applies even if counsel was ineffective for failing to file an appeal. *See, e.g.*, *Webb v. United States*, 679 F. App'x 443, 450 (6th Cir.), *cert. denied*, 137 S. Ct. 2314 (2017). Here, Carvlin cannot show that he pursued his rights with reasonable diligence. Carvlin states in his Motion that he "requested counsel to file a direct appeal at the end of the sentencing hearing because he

was unhappy with the higher guideline range and he wanted to get a lesser sentence. Counsel said that he would but failed to consult with [Carvlin] any further after sentencing about the appeal." (Doc. 46 at 24). That means Carvlin waited over seven years after his counsel failed to consult him about filing an appeal to bring the instant Motion. Courts confronting the same failure to appeal argument have found shorter periods of delay not reasonably diligent. *See United States v. Claudio*, No. 3:11CR337, 2015 WL 390902, at *3-4 (M.D. Pa. Jan. 28, 2015) (equitable tolling was not warranted because "[e]ven if Claudio's attorney stated he would file an appeal on Claudio's behalf, Claudio could have learned, well before*"* the date two years after his conviction became final, "that no appeal had been filed"); *Doe v. United States*, 469 F. App'x 798, 800-01 (11th Cir. 2012) (petitioner not reasonably diligent, even though he alleged a mental impairment, where there was a two-year delay between the running of the limitations period and his habeas filing); *Agosto v. United States*, No. 04-CR-10336-NMG-5, 2012 WL 3518130, at *5-6 (D. Mass. Aug. 15, 2012) (reasonable diligence not established where petitioner believed "that his appeal had been pending during the 17 months before he had filed his section 2255 petition" and where his counsel died "a few weeks before he filed his habeas petition"); *Williams v. United States*, No. 08-60237-CR, 2011 WL 1878124, at *1-3 (S.D. Fla. Apr. 25, 2011), *report and recommendation adopted*, No. 10-22897-CIV, 2011 WL 1878126 (S.D. Fla. May 17, 2011) (an approximately eight-month delay was not diligent under either Section 2255(f)(4) or equitable tolling); *United States v. Thomas*, No. 4:01CR69SPMAK, 2007 WL 624538, at *5 (N.D. Fla. Feb. 22, 2007) (same, for two-month delay). Therefore, the limitations period cannot be "reset" by Section 2255(f)(4) or equitably tolled to excuse Carvlin's nearly seven-year delay in bringing his instant Motion.

But, Carvlin's Motion may still be timely if the Supreme Court cases he relies on recognized new rights that he now asserts. He argues *Class v. United States*, 138 S. Ct. 798 (2018) and *Lee v. United States*, 137 S. Ct. 1958 (2017) are two such cases, but none of the grounds Carvlin raises in his Motion asserts a right newly recognized in these cases. The court in *Scott v. United States* briefly summarized the holdings in *Class* and *Lee*:

4

> In *Class*, 138 S. Ct. at 801-802, referred to by the Petitioner, the Supreme Court held that a guilty plea, by itself, does not bar a criminal defendant from later appealing his conviction on the ground that the statute of conviction violates the Constitution. *Id.* In *Lee*, 137 S. Ct. at 1958, also referred to by the Petitioner, the Supreme Court considered whether a petitioner could establish prejudice from his attorney's erroneous advi[c]e that he would not be deported by entry of his guilty plea, and in so doing rejected the argument that it should adopt a "per se rule that a defendant with no viable defense cannot show prejudice." *Id.* at 1966.

No. 1:13-CR-223, 2018 WL 1521792, at *2 (S.D. Ohio Mar. 28, 2018). However, Carvlin is not challenging the constitutionality of the statute of conviction; he is challenging the conviction and sentence itself as unconstitutional (due to ineffective assistance of counsel). (*See* Doc. 46 at 3-4). This challenge was available to Carvlin long before *Class*. *See* 28 U.S.C. § 2255(a) (permitting a collateral attack for a sentence "imposed in violation of the Constitution"); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Hurtado v. United States*, No. 3:15-CR-307-M-18, 2018 WL 3321335, at *1 (N.D. Tex. June 13, 2018), *report and recommendation adopted*, 2018 WL 3302820 (N.D. Tex. July 5, 2018) (*Class* did not trigger Section 2255(f)(3) where petitioner "did not pursue a direct appeal" and did not claim that a court "applied his appeal-waiver to bar his direct appeal claims"); *United States v. Pierce*, No. 5:14-CR-00053-1, 2018 WL 1801800, at *1 (W.D. Va. Apr. 16, 2018). Similarly, nothing in the Supreme Court's decision in *Lee* impacts Carvlin's Motion. *Lee* merely clarified that the prejudice standard from *Hill v. Lockhart* is focused on "what an individual defendant would have done, [and] the possibility of even a highly improbable result may be pertinent to the extent it would have affected his decisionmaking." *Lee*, 137 S. Ct. at 1967 (footnote omitted). It is therefore unclear that *Lee* created a new right or rule for Carvlin to rely on. *See Chaidez v. United States*, 568 U.S. 342, 347 (2013) (a Supreme Court holding is a "new rule" if it was not "apparent to all reasonable jurists" at the time it was rendered and not "dictated by" existing precedent). And even if it did, *see Lee*, 137 S. Ct. at 1969 (Thomas, J., dissenting), none of the grounds raised in Carvlin's Motion relate to that new

5

right or rule. Carvlin is not arguing that the possibility of a highly improbable result at trial would have affected his decision to accept the plea agreement, or that the possibility of deportation factored into his decisionmaking. He instead alleges that he would have rejected the plea agreement but for his counsel's failure to inform him of the true nature of the charges against him and the prosecution's need to prove beyond a reasonable doubt the charges in the indictment, to investigate his case and any possible defenses, and to object to the presentence investigation report. Taken as true, these allegations could establish prejudice under *Hill v. Lockhart* without the benefit of *Lee*. *See Hill v. Lockhart*, 474 U.S. 52, 60 (1985) ("Petitioner did not allege . . . that, had counsel correctly informed him . . . , he would have pleaded not guilty and insisted on going to trial."). Accordingly, neither *Lee* nor *Class* saves Carvlin's Motion from being untimely.

I will also deny Carvlin's request for an evidentiary hearing. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," then I am not required to order an evidentiary hearing. 28 U.S.C. § 2255(b). It is within "the sound discretion of the district court" to decide whether no entitlement to relief is conclusively shown by the record. *United States v. Williams*, 615 F.2d 585, 591 (3d Cir. 1980). Because Carvlin's Motion is untimely even if what he alleges is true, his request for a hearing will be denied.

Nor will a certificate of appealability ("COA") issue. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Jurists of reason would not find it debatable whether Carvlin's Motion is time-barred and whether equitable tolling applies, so no COA will issue.

### III. Conclusion

For the above stated reasons, Carvlin's Motion will be denied as untimely. Because

6

the record conclusively shows Carvlin's Motion is untimely and that he is thus entitled to no relief, his request for an evidentiary hearing will be denied, and no COA will issue.

An appropriate order follows.


October 18, 2018                                    /s/ A. Richard Caputo
Date                                                A. Richard Caputo
                                                    United States District Judge